**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Horace GRAY et al., Defendants-Appellants.**

**No. 71-3279.**

United States Court of Appeals,
Fifth Circuit.

June 26, 1972.

J. Garrison Thompson, Selma, Ala. (Court-appointed), for Gray.

T. G. Gayle, Selma, Ala. (Court-appointed), for Johnson.

**165**

John A. Lockett, Jr., Selma, Ala. (Court-appointed) for Span.

C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before WISDOM, THORNBERRY and GODBOLD, Circuit Judges.

PER CURIAM:

The defendants, John Horace Gray, David Earl Johnson, and Samuel Span, were convicted of (1) robbing the Watkins Banking Company of Faunsdale, Alabama, in violation of 18 U.S.C. § 2113(a), and (2) of assaulting and putting in jeopardy the lives of persons by use of a dangerous weapon while committing the bank robbery, in violation of 18 U.S.C. § 2113(d). Court-appointed counsel ably represented the defendants on appeal and in the district court, where there was a jury trial for three days. We affirm.

The grant or denial of a motion for severance under Rule 14, Federal Rules of Criminal Procedure, is committed to the sound discretion of the trial judge, and his decision will not be overturned on appeal unless there is an affirmative showing of abuse of discretion. Opper v. United States, 1953, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101; Gordon v. United States, 5 Cir.1971, 438 F.2d 858, 878–879; Tillman v. United States, 5 Cir.1971, 406 F.2d 930, 934–935, cert. denied, 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742.

A codefendant's confession is admissible in a joint trial if references to the other codefendants are deleted. United States v. Kershner, 5 Cir.1970, 432 F.2d 1066, 1071–1072; Posey v. United States, 5 Cir.1969, 416 F.2d 545, 551; United States v. Sims, 5 Cir.1970, 434 F.2d 258, 259; White v. United States, 5 Cir.1969, 415 F.2d 292, 293–294. The trial judge carefully reviewed Span's confession in camera and made extensive deletions of references to the co-defendants. For example, he required the deletion of any reference to the number of bank robbers. Here

there was clear and convincing eye-witness identification of the defendants and such overwhelming evidence of guilt as to support a conclusion that the trial judge did not commit reversible error in denying a severance or admitting Span's censored confession.

We have examined the photographs which were exhibited to the bank employees in two groups of ten each. We find that the witnesses' in-court identification of the defendants was not tainted by any impermissible selection or spread of the photographs likely to suggest mis-identification. *See* United States v. Sutherland, 5 Cir.1970, 428 F. 2d 1152.

The Court has considered all of the other issues raised on appeal. There is no merit to them.

The judgment is affirmed.