**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David Allen HICKS, Clay Edward Barnett, and Douglas William Hicks, Defendants-Appellants.**

No. 75–1334.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1975.

Certiorari Denied March 1, 1976.

See 96 S.Ct. 1417.

Robert L. Berry, Rome, Ga. (Court appointed), for David Hicks.

Robert J. Evans, Rome, Ga. (Court appointed), for Barnett.

Richard J. MacLeod, Rome, Ga. (Court appointed), for Douglas Hicks.

John W. Stokes, U. S. Atty., Steven W. Ludwick, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, THORNBERRY and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

David Allen Hicks, Clay Edward Barnett, and Douglas William Hicks were all tried and convicted under a multicount indictment charging them with 18 U.S.C. § 2113(a) (bank robbery), 18 U.S.C. § 2113(d) (placing in jeopardy the lives of employees during a bank robbery), 18 U.S.C. § 924(c)(1) (use of a firearm to commit a felony), and 18 U.S.C. § 2312 (interstate transportation of a stolen motor vehicle). David Hicks and Clay Barnett were convicted on all four counts. Douglas Hicks was convicted on the first three counts but a motion for judgment of acquittal was granted as to count four. On appeal the defendants raise a number of alleged reversible errors.[1] We affirm the convictions, but vacate on our own motion the sentences under § 2113(a) in light of the convictions under § 2113(d).

## I.

During the course of the trial, the government called as a witness Ronald Crane who testified that Douglas Hicks confessed his role in the robbery to Crane. This statement, being an admission, is not hearsay and therefore, admissible against Douglas Hicks. McCormick, Handbook on Evidence, § 629 (2d ed. 1972); Fed.Rules of Evidence, 801(d)(2). The other defendants argue that the testimony should, nevertheless, not be admitted in a joint trial, because it tends to incriminate them while they are unable to cross-examine declarant

---

1. In addition to the issues discussed below, the defendants challenge the adequacy of the *Miranda* warnings, the failure to sequester a witness, and the competency of counsel. These points are all wholly without merit.

Douglas Hicks who chose not to take the stand. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Application of the *Bruton* rule, however, requires a more discriminating approach than exclusion of all out of court confessions by co-defendants. Courts must exclude these confessions only when they directly inculpate the complaining co-defendants, as well as the declarant. *Posey v. United States,* 416 F.2d 545, 551 (5th Cir. 1969), cert. denied, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970); *United States v. Lipowitz,* 407 F.2d 597, 602–03 (3d Cir.), cert. denied, 395 U.S. 946, 89 S.Ct. 2026, 23 L.Ed.2d 466 (1969); *United States v. Blassick,* 422 F.2d 652 (7th Cir. 1969), cert. denied, 402 U.S. 985, 91 S.Ct. 1672, 29 L.Ed.2d 150 (1971); *United States ex rel. Nelson v. Follette,* 430 F.2d 1055 (2d Cir. 1970), cert. denied, 401 U.S. 917, 91 S.Ct. 899, 27 L.Ed.2d 818 (1971). The defendants in this case argue that Crane's references to dividing the money "four ways" and the location of the getaway car inculpate all of the defendants. In support they cite *United States v. Gray,* 462 F.2d 164 (5th Cir.), cert. denied, 409 U.S. 1009, 93 S.Ct. 452, 34 L.Ed.2d 303 (1972), and *Posey v. United States, supra.*

■ In *United States v. Gray, supra,* this court approved the trial judge's deletion of all references to co-defendants, noting that he even prohibited reference to the number of bank robbers. Although this court approved the judge's decision, we did not hold that such extensive deletions were necessary. A similar problem was presented to the Seventh Circuit in *United States v. English,* 501 F.2d 1254 (7th Cir. 1974), cert. denied, *Hubbard v. U. S.,* 419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 811 (1975). That court held that reference to the declarant "and two other individuals" was sufficiently free of references to co-defendants to permit admission of the confession into testimony. We agree. The reference to the number of persons involved in a bank robbery presents little prejudice. The key fact to be proved is not that the robbery took place, or that it involved several participants, but that the defendants were the robbers. *See also United States v. Gregg,* 414 F.2d 943, 948–89 (7th Cir. 1969), cert. denied, 399 U.S. 934, 90 S.Ct. 2251, 26 L.Ed.2d 806 (1970).

The defendants also allege that reference by Crane to Douglas Hicks's statement that he parked the car on a particular freeway ramp tended to identify his co-defendants, because other evidence was introduced that a rubber glove with fingerprints of one of them was found in an abandoned car at that location and that a glove with prints of the other was found three-quarters of a mile away. The connection is much too remote to find a *Bruton* violation, especially in light of the other evidence that put Douglas Hicks's car at that location right after the robbery.

## II.

In the course of the trial, defendant David Hicks made a motion to suppress evidence obtained in a search of an apartment he had rented in Chattanooga, Tennessee. Hicks contends that the address was obtained from a receipt that the police discovered during an allegedly objectionable search of his person at the time he was arrested.

■ The government argues that since the motion to suppress was not made prior to trial, it was waived. A motion to suppress under rule 41(f) of the Fed.R.Cr.P. must be made prior to trial, "but the court may permit it to be made within a reasonable time thereafter." Rule 12(b)(3) of the Fed.R.Cr.P. In *United States v. Seay,* 432 F.2d 395, 402 (5th Cir. 1970), cert. denied, 401 U.S. 942, 91 S.Ct. 949, 28 L.Ed.2d 223 (1971), we said that "because the district judge did proceed to entertain and rule on the motion during trial, it may not be held untimely here." *See also Marshall v. United States,* 141 U.S.App.D.C. 1, 436 F.2d 155, 157 n. 4 (1970); *United States v. Cranson,* 453 F.2d 123, 126 (4th Cir. 1971), cert. denied, 406 U.S. 909, 92 S.Ct. 1607, 31 L.Ed.2d 821 (1972). Thus, the

objection below is properly before us on appeal. This does not settle the problem of appealability, however, because different reasons for suppressing the evidence are cited on appeal than were cited at trial.

 The only objection made at trial was that "the evidence was obtained by virtue of a search of his person which was without the scope of a permissible search." That objection was properly overruled. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). On appeal the defendants try, for the first time, to trace back one step further in the chain and challenge the original arrest.

 The general rule for preserving an issue for appeal is that the objecting party must specify his grounds for objection. McCormick, Handbook on Evidence § 52 (2d ed. 1972); Federal Rules of Evidence, 103(a)(1). The wisdom of that rule is borne out by this case. If the defendants had objected to the arrest warrant at trial, the government could have put its grounds for probable cause on the record. Accordingly, the propriety of the arrest of David Hicks is not properly before this court.

### III.

The defendants were all convicted on counts charging, among other things: bank robbery, 18 U.S.C. § 2113(a), and placing in jeopardy the lives of bank employees during a robbery, 18 U.S.C. § 2113(d). David Hicks and Clay Barnett were each sentenced to 20 years under 2113(a) and 25 years under 2113(d), the sentences to run concurrently. Douglas Hicks was sentenced to 20 years under 2113(a) and 20 years under 2113(d), the sentences to run concurrently.

 This court, however, has consistently held that 2113(a)-(d) "create but a single offense with various degrees of aggravation permitting sentences of increasing severity." *Sullivan v. United States,* 485 F.2d 1352, 1353 (5th Cir.

1973). This reading of the statute necessarily precludes the imposition of concurrent sentences under 2113(a) and (d). Accordingly, we vacate the sentences imposed under subsection (a). *United States v. Vasquez,* 504 F.2d 555, 556 (5th Cir. 1975). We affirm the judgment of the district court in all other respects.