**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Antonio GRILLO, Raul Coto, Eduardo
Coto and Augustin Perez,
Defendants-Appellants.**

No. 75–2608.

United States Court of Appeals,
Fifth Circuit.

March 5, 1976.

Rehearing Denied March 26, 1976.

Max P. Engel, David B. Javits, Miami, Fla, for defendants-appellants.

Robert W. Rust, U. S. Atty., William R. Northcutt, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN and GEE, Circuit Judges.

PER CURIAM:

Appellants were convicted on several counts of violating 18 U.S.C. § 659 and on a single count of conspiracy to violate that statute. Although the four appellants were convicted on various combinations of the four substantive counts, all the convictions arise from the theft during a single weekend of two trailers containing rug paddings and liquor which had traveled in interstate commerce. Having considered appellants' arguments and finding them all to be without merit, we affirm.

The only issue which merits discussion involves the admission of a statement allegedly made by Raul Coto to an employee of the warehouse where the stolen liquor was stored. The alleged statement, which amounted to an attempt to suppress the employee's testimony, was made several days after the stolen liquor was seized by federal authorities. Although the record is somewhat unclear, it apparently also came several days after the appellants were arrested. It was admitted only against the declarant, Raul Coto, and the judge, before admitting it, cautioned the jury that it was not to be considered against the other appellants.

Since the statement was obviously admissible against Raul Coto, appellants' argument boils down to an assertion that its admission against Coto was unduly prejudicial to the other appellants despite the judge's limiting instruction. Appellants rely on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, *Bruton* requires only exclusion of out-of-court statements by co-defendants that directly inculpate the complaining co-defendants, as well as the declarant. *E. g., United States v. Hicks*, 524 F.2d 1001 (5th Cir. 1975). Assuming without deciding that the alleged statement was legally inadmissible against the other defendants, there was no *Bruton* violation since the statement was not directly inculpatory of them. That the statement may be taken to refer indirectly to them (it contained the phrase "there were too many people involved in the problem") is insufficient to require its exclusion. *See United States v. Hicks, supra.*

Affirmed.