**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose Daniel MURO, Defendant-Appellant.**

**No. 76–1585
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 3, 1976.
Rehearing Denied Oct. 18, 1976.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**1340**

Roy R. Barrera, Richard Meyer, San Antonio, Tex., for defendant-appellant.

John E. Clark, U.S. Atty., W. Ray Jahn, LeRoy Morgan Jahn, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Convicted of conspiracy to distribute cocaine and possession of cocaine with intent to distribute in violation of 21 U.S.C.A. §§ 841(a)(1) and 846, Jose Daniel Muro appeals on the ground that the trial court committed reversible error in denying his motion for severance and relief from prejudicial error.

Muro was indicted and tried with co-conspirator Michael Martinez. He contends that his case was prejudiced because during the trial, the Government showed that Martinez made a statement after arrest and after termination of the conspiracy that his role was to act as lookout during a transaction and that he was to be paid $500. The testimony did not relate to Muro who requested, and received, an immediate instruction that the evidence related only to Martinez and had nothing to do with the case against Muro.

Severance is a matter committed to the sound discretion of the trial judge. *United States v. Crockett*, 514 F.2d 64 (5th Cir. 1975); *United States v. Miller*, 513 F.2d 791 (5th Cir. 1975); *United States v. Beasley*, 513 F.2d 309 (5th Cir. 1975). Even a confession implicating a co-defendant may be admitted in a joint trial if references to the co-defendant are deleted. *United States v. Gray*, 462 F.2d 164 (5th Cir.), *cert. denied*, 409 U.S. 1009, 93 S.Ct. 452, 34 L.Ed.2d 303 (1972); *Posey v. United States*, 416 F.2d 545 (5th Cir. 1969), *cert. denied*, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970).

Muro was not reversibly prejudiced by Martinez' statement. It contained no reference to Muro, Martinez denied making the statement, and Muro had the opportunity to cross-examine. *United States v. Sims*, 434 F.2d 258 (5th Cir. 1970). The evidence against Muro was sufficiently strong so that possibility of prejudice to him was too remote to be considered. *See United States v. Killian*, 524 F.2d 1268 (5th Cir. 1975); *White v. United States*, 415 F.2d 292 (5th Cir. 1969), *cert. denied*, 397 U.S. 993, 90 S.Ct. 1128, 25 L.Ed.2d 400 (1970).

AFFIRMED.