**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Billy Russell DUGGAN,**
**Defendant–Appellant.**

**No. 90–2915**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 3, 1991.

Roland E. Dahlin, II, Federal Public Defender, Jose I. Gonzalez–Falla, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Paula C. Offenhauser, Stephen Morris, U.S. Attys., Houston, Tex., Thomas M. Gannon, Atty., Appellate Section Crim. Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

PER CURIAM:

Billy Russell Duggan (Duggan) appeals his conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court sentenced Duggan to fifteen years imprisonment and five years supervised release, and ordered him to pay a $50 special assessment. Duggan argues on appeal that (1) the trial court erred in denying his motion to suppress his video-taped confession; (2) the trial court erred by using penitentiary packets as substantive evidence at trial and sentencing; and (3) the trial court erred in using Duggan's inadequately corroborated video-taped testimony to determine that Duggan was a prior convicted felon. For the reasons set forth below, we affirm Duggan's conviction and sentence.

I.

The Houston Police Department obtained and executed a warrant to search Duggan's residence for stolen firearms and ammunition. Officer Townsend asked Alcohol, Tobacco, and Firearms agent Shiver to accompany him on the search because he believed they might find automatic weapons in the residence. The officers seized approximately twenty-five firearms, and arrested Duggan.

Duggan was taken to the Major Offenders Division of the Houston Police Department where Shiver read him his *Miranda* warnings and Duggan signed a waiver form. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). For approximately 15–20 minutes, Duggan and Shiver then discussed the firearms found, Duggan's previous convictions, and his possession of the firearms.

Following this initial interview Duggan asked if he could speak to an attorney. Shiver immediately ended the discussion, told Duggan he could call an attorney, pointed to a phone where he could make the call, and began to leave the room. Instead of calling an attorney, however, Duggan stated that although he knew the firearms were in the residence, he had not stolen them. Duggan also admitted that he carried a gun on occasion.

After Duggan started making these admissions, Shiver informed him of the potential penalty for the offense of possession of a firearm by a felon. He also read Duggan his *Miranda* warnings again, and Duggan signed another waiver form. Shiver then video-taped Duggan's confession.

Duggan was indicted for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He filed a motion to suppress the firearms seized during a search of his residence and a motion to suppress his video-taped confession. Both motions were denied.

At the conclusion of the suppression hearing Duggan waived a jury trial. The parties discussed what evidence presented at the suppression hearing would be admissible during the bench trial. They stipu-

lated that all of the evidence introduced would be admissible during the bench trial except the testimonies of Duggan and defense witness David Rowell.

The district court found Duggan guilty. The court stated that it was relying on the penitentiary packets as substantive evidence that Duggan had three prior felony convictions. The penitentiary packets from Duggan's three previous convictions had been admitted during the suppression hearing for impeachment purposes only. Duggan did not object to the court's use of the penitentiary packets during the bench trial. He filed a timely notice of appeal.

## II.

Duggan argues that the district court should have suppressed his video-taped confession because it was obtained in violation of the guidelines set forth in *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). He contends that following his request for an attorney, agent Shiver should have limited his questions to clarifying whether Duggan wanted to call an attorney before continuing with the interrogation. *Id.; see Nash v. Estelle*, 597 F.2d 513, 517 (5th Cir.) (en banc), *cert. denied*, 444 U.S. 981, 100 S.Ct. 485, 62 L.Ed.2d 409 (1979).

Under *Edwards*, if a defendant requests an attorney he may not be subjected to further interrogation until an attorney is provided unless the defendant initiates further communication. *Edwards*, 451 U.S. at 484–85, 101 S.Ct. at 1884–85. Once a defendant invokes his right to counsel, subsequent statements are admissible only if the defendant initiates further discussion with the police and knowingly and intelligently waives the right he had invoked. *Davis v. Puckett*, 857 F.2d 1035, 1037 (5th Cir.1988).

This court does not apply the *Edwards* rule divorced from the context of badgering police conduct from which it arose. *Plazinich v. Lynaugh*, 843 F.2d 836, 838–39 (5th Cir.1988), *cert. denied*, 488 U.S. 1031, 109 S.Ct. 841, 102 L.Ed.2d 973 (1989). "[I]n the absence of some police interference with the exercise of the right to coun-

sel of the accused, the *Edwards* rule is to be strictly and narrowly applied." *Griffin v. Lynaugh*, 823 F.2d 856, 862 (5th Cir. 1987), *cert. denied*, 484 U.S. 1079, 108 S.Ct. 1059, 98 L.Ed.2d 1021 (1988).

The district court found that Shiver ended the interrogation when Duggan requested an attorney and that Duggan reopened the conversation. Duggan then executed a second waiver form on videotape. The district court viewed this videotape and found that Duggan had knowingly and intelligently waived his right to counsel. There is no evidence that Shiver interfered with Duggan's exercise of his right to counsel, and therefore there is no evidence that the *Edwards* rule was violated.

Duggan relies on *Nash* and *United States v. Cherry*, 733 F.2d 1124 (5th Cir. 1984), to support his position that once he made a request for an attorney Shiver could only ask questions intended to clarify whether he was invoking his right to counsel. "If a suspect is indecisive in his request for counsel, law enforcement officials must cease the interrogation unless they ask the suspect further questions to clarify whether the suspect wants to consult with an attorney before continuing with the interrogation." *Cherry*, 733 F.2d at 1130. Shiver complied with this rule because he ended the interrogation when Duggan requested an attorney, and the interrogation continued only after Duggan reopened the conversation. Shiver complied with *Edwards* and *Nash*, and the district court properly refused to suppress the video-taped confession.

Duggan next argues that the district court erroneously considered the penitentiary packets as substantive evidence of guilt during the bench trial. Duggan did not object to the use of the penitentiary packets during the trial and therefore cannot challenge their admission on appeal. To preserve the error for appeal a party must object to the admission of evidence at trial. *United States v. Evans*, 848 F.2d 1352, 1359 (5th Cir.1988). A timely objection is required to give the government an opportunity to put the grounds for admis-

sion in the record. *United States v. Hicks*, 524 F.2d 1001, 1004 (5th Cir.1975), *cert. denied*, 424 U.S. 946, 96 S.Ct. 1417, 47 L.Ed.2d 353 (1976). At the conclusion of the bench trial the district court stated, without objection from Duggan, that it was relying on the penitentiary packets as substantive evidence that Duggan had three prior felony convictions. Duggan also did not object to the probation department's use of the penitentiary packets in the Presentence Investigation Report (PSI), to the district court's adoption of the factual findings in the PSI, or to the district court's use of the prior convictions to determine his sentence. His failure to object to the penitentiary packets any time before appeal prevented the Government from putting the basis for their admission in the record. Duggan has not preserved this issue on appeal and cannot now challenge their admission.

Finally, Duggan argues that there was insufficient evidence to establish that he had three prior felony convictions. He contends that his uncorroborated video-taped confession is insufficient to establish this essential element of the offense.

■ Duggan correctly states that under federal law a defendant cannot be convicted solely on the basis of his own admissions. *Wong Sun v. United States*, 371 U.S. 471, 488–89, 83 S.Ct. 407, 417–18, 9 L.Ed.2d 441 (1963). The essential elements of the offense must be established by independent evidence or corroborated admissions. *United States v. Micieli*, 594 F.2d 102, 108–09 (5th Cir.1979).

■ Duggan's confession was corroborated. As discussed above, the district court could properly consider the penitentiary packets as substantive evidence of guilt because Duggan failed to object to their admission at trial. These packets were independent evidence that Duggan had been convicted of three prior felonies. There was also testimony from police officers to corroborate the prior convictions. The evidence was sufficient to establish that Duggan had three prior felony convictions.

III.

For the foregoing reasons, we affirm Billy Russell Duggan's conviction and sentence.

AFFIRMED.