EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>Bernadette Virkler<br><br>Peticionaria | Certiorari<br><br>2007 TSPR 161<br><br>172 DPR _____ |

Número del Caso: CC-2007-74

Fecha: 27 de agosto de 2007

Tribunal de Apelaciones:

      Región Judicial de Fajardo-Panel IX

Juez Ponente:

      Hon. Ismael Colón Birriel

Abogados de la Parte Peticionaria:

      Lcdo. Félix A. Cifredo Cancel
      Lcda. Carmen A. Rodríguez Maldonado

Oficina del Procurador General:

      Lcdo. Salvador J. Anntonetti Stutts
      Procurador General

Materia: Infracción Art. 109 Código Penal, Art. 76 Ley 177 de 2003.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        vs.                      CC-2007-74       *CERTIORARI*

Bernadette Virkler

    Peticionaria

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 27 de agosto de 2007

El 23 de febrero de 2006 el Tribunal de Primera Instancia, Sala Superior de Fajardo, determinó causa probable para arresto en contra de Bernadette Virkler por violación al Artículo 109 del nuevo Código Penal[1] y al Artículo 76 de la Ley para el Bienestar y Protección Integral de la Niñez, Ley Núm. 177 de 1 de agosto de 2003, 8

---

[1] El Artículo 109 del nuevo Código Penal tipifica el delito de homicidio negligente y dispone, en lo pertinente, que: "[t]oda persona que ocasione la muerte a otra por negligencia incurrirá en delito menos grave, pero se le impondrá la pena de delito grave de cuarto grado…".

L.P.R.A. sec. 450d.[2] Según surge de la denuncia, se le imputó a Bernadette Virkler haber ocasionado negligentemente la muerte de su hijo, Peter Elías Virkler, al no proveerle la debida atención médica, a pesar de que era notable que éste respiraba con dificultad y que presentaba varios hematomas en su cuerpo.

El 11 de julio de 2006 el Tribunal de Primera Instancia celebró la correspondiente vista preliminar, en

---

[2] Dicha sección establece que: "[t]odo padre, madre o persona responsable por el bienestar de un menor que por acción u omisión cause daño o ponga en riesgo a un menor de sufrir daño a su salud e integridad física, mental o emocional, será sancionada con pena de reclusión por un término fijo de dos (2) años o multa que no será menor de cinco mil (5,000) dólares ni mayor de ocho mil (8,000) dólares, o ambas penas a discreción del tribunal.

De mediar circunstancias agravantes la pena fija establecida podrá ser aumentada hasta un máximo de tres (3) años; de mediar circunstancias atenuantes, la pena podrá ser reducida hasta un mínimo de un año. La negligencia a que se refiere la presente sección puede configurarse en conducta repetitiva o en un incidente aislado u omisión imprudente que se incurra sin observarse el cuidado debido y que cause una lesión física, mental o emocional, o coloque en riesgo sustancial de muerte, a un menor.

Cuando la conducta tipificada en el párrafo anterior se produzca mediante un patrón de conducta negligente que cause daño o ponga en riesgo a un menor de sufrir daño a su salud e integridad física, mental o emocional, será sancionada con pena de reclusión por un término fijo de cuatro (4) años o multa que no será menor de ocho mil (8,000) dólares ni mayor de diez mil (10,000) dólares, o ambas penas a discreción del tribunal. De mediar circunstancias agravantes la pena fija establecida podrá ser aumentada hasta un máximo de seis (6) años; de mediar circunstancias atenuantes, la pena podrá ser reducida hasta un mínimo de dos (2) años".

la cual se determinó causa probable para acusar en contra de Virkler. Tras varios incidentes procesales, el ministerio público presentó contra ésta los pliegos acusatorios correspondientes por los delitos tipificados en los Artículos 109 y 76, antes mencionados. Según se deduce del expediente, por los mismos hechos y delitos igualmente se presentó denuncia y acusación en contra de William Elías Rodríguez, padre del menor. El tribunal de instancia señaló juicio para el 7 de noviembre de 2006, el cual se celebraría de forma conjunta en contra de Bernadette Virkler y William Elías Rodríguez. Previo a la celebración del juicio, Virkler solicitó juicio por separado en virtud de lo establecido en la Regla 91 de las de Procedimiento Criminal.

Alegó que el ministerio público se propone presentar como evidencia varias manifestaciones hechas por William Elías Rodríguez a los testigos de cargo, que constituyen prueba de referencia inadmisible en su contra debido a que en el juicio conjunto William Elías Rodríguez --el coacusado y autor de dichas manifestaciones-- no estará disponible para ser interrogado sobre la existencia, veracidad y extensión de las manifestaciones que se le atribuyen. Adujo que dichas manifestaciones, aun cuando no son incriminatorias, le afectan adversamente y que su presentación en juicio viola su derecho constitucional a confrontar la prueba que se presenta en su contra.

Por su parte, el Estado presentó oportuna oposición a la moción de juicio por separado presentada por Bernadette Virkler. Adujo, en síntesis, que las Reglas 91 y 92 de las de Procedimiento Criminal se refieren a una situación especial como fundamento para la separación de juicios, a saber: cuando uno de los acusados ha hecho declaraciones que incriminan al otro coacusado, por lo cual surge el problema de que esas declaraciones podrían resultar inadmisibles contra el coacusado en un juicio conjunto y que unas instrucciones del tribunal al jurado podrían resultar insuficientes. Señaló que en este caso no está presente la situación de declaraciones de un acusado que incriminen al otro acusado por lo cual resultan inaplicables las Reglas 91 y 92 en cuestión. De igual forma, alegó que la separación solicitada tampoco procede bajo el criterio general de perjuicio establecido en la Regla 90 de las de Procedimiento Criminal, porque el perjuicio aducido por Virkler, entiéndase, que las manifestaciones de Elías son prueba de referencia inadmisible en su contra, es insuficiente. Al respecto el ministerio público sostuvo que las manifestaciones atribuidas a Elías no cualifican como prueba de referencia debido a que no se traen para probar la veracidad de lo aseverado o que, en la alternativa, constituyen prueba de referencia independientemente admisible en contra de Bernadette Virkler.

Trabada así la controversia, el 30 de octubre de 2006 el tribunal de instancia emitió resolución en la cual declaró no ha lugar la solicitud de juicio por separado por el fundamento de que las alegadas expresiones de William Elías Rodríguez no son incriminatorias en relación a la co-acusada Virkler. En dicha resolución expresó, además, que "en su deber de evitar perjuicio a cualquiera de las partes,… tomará las medidas necesarias de surgir el mismo en cualquier momento de los procedimientos".

De dicha determinación, Bernadette Virkler acudió --mediante recurso de *certiorari*-- al Tribunal de Apelaciones. El foro apelativo intermedio <u>denegó</u> la expedición del recurso señalando, en síntesis, que la coacusada Virkler no tiene derecho a que su juicio se separe del de William Elías Rodríguez, pues las manifestaciones de este último no la incriminan y no ha presentado prueba sobre el perjuicio a sufrir de continuar los juicios consolidados.

Inconforme, Bernadette Virkler acudió --mediante recurso de *certiorari* y en auxilio de jurisdicción-- ante este Tribunal. Aduce que procede revocar la resolución emitida por el tribunal apelativo intermedio debido a que éste incidió:

> … al confirmar al Tribunal de Primera Instancia al declarar sin lugar la solicitud de separación de juicios de la peticionaria, cuando, como en este caso, el Fiscal se propone ofrecer como prueba varias declaraciones del coacusado, pues ello es contrario a los derechos constitucionales a confrontar el testimonio

adverso y al debido proceso de ley, y a sus salvaguardas estatutarias en las Reglas 91 y 90 de Procedimiento Criminal.

El 28 de febrero de 2007 expedimos el recurso y, en auxilio de nuestra jurisdicción, paralizamos los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de Fajardo. Contando con la comparecencia de las partes, y estando en posición de resolver, procedemos a así hacerlo.

I

Conforme al trasfondo fáctico antes expuesto, nos corresponde resolver las siguientes controversias:

1. ¿Procede juicio por separado en virtud de la Regla 91 de las de Procedimiento Criminal ante manifestaciones atribuidas a un coacusado que <u>no</u> incriminan o inculpan al acusado que solicita la separación?; y

2. de no proceder la separación bajo la Regla 91 de Procedimiento Criminal, ¿se dan en el presente caso las circunstancias necesarias para justificar una separación de juicio en virtud del criterio general de perjuicio establecido en la Regla 90 de las de Procedimiento Criminal?

II

La Regla 91 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que:

> [a] solicitud de un coacusado el tribunal <u>ordenará</u> la celebración de un juicio por separado cuando se acusare a varias personas y una de ellas hubiere hecho declaraciones, admisiones o confesiones pertinentes al caso que <u>afectaren adversamente</u> a dicho coacusado, a menos que el fiscal anunciare que no ofrecerá tales declaraciones, admisiones o confesiones como prueba y que tampoco hará, en forma alguna, referencia a las mismas durante el juicio. (Énfasis suplido.)

La separación compulsoria contemplada en la Regla 91 de Procedimiento Criminal tiene como fundamento principal el derecho constitucional de todo acusado a confrontar la prueba que se presenta en su contra, pues, de ordinario, la presentación en evidencia de las declaraciones incriminatorias de "A", que afectan adversamente al coacusado "B", implica una violación potencial al derecho a confrontación de "B" y constituyen prueba de referencia en contra de "B", habida cuenta de que "A" no estará disponible para ser contra-interrogado por su derecho constitucional a no declarar. Véase E.L. Chiesa Aponte, <u>Derecho Procesal Penal de Puerto Rico y Estados Unidos</u>, ante, p. 207.[3]

---

[3] La Sección 11 del Artículo 2 de la Constitución del Estado Libre Asociado de Puerto Rico reconoce el derecho de todo acusado a la confrontación y establece, en lo pertinente, que "en todos los procesos criminales el acusado disfrutará del derecho … a carearse con los testigos de cargo". La Constitución de los Estados Unidos reconoce este mismo derecho en su Enmienda Sexta.

En Estados Unidos se ha discutido ampliamente la protección y extensión del derecho constitucional a la confrontación, en relación a la separación de juicios y la admisión en evidencia de declaraciones o manifestaciones de un coacusado en un juicio conjunto.[4] El caso normativo original lo es Bruton v. US, 391 U.S. 123 (1968), en el cual la Corte Suprema federal determinó que se viola el derecho constitucional a la confrontación cuando en un juicio conjunto se admite en evidencia la declaración de un coacusado que incrimina o implica al otro acusado como participante en el crimen, independientemente de que se le instruya al jurado que la declaración no puede ser utilizada para determinar la culpabilidad del acusado que no hizo la declaración.[5] En dicho caso el Tribunal Supremo de los Estados Unidos expresó que:

> … there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is

---

[4] En el ámbito federal, la separación de juicios se encuentra regulada en la Regla 14 de Procedimiento Criminal Federal, la cual establece que: "(a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant´s trials, or provide any other relief that justice requires. (b) Defendant´s Statements. Before ruling on a defendant´s motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant´s statement that the government intends to use as evidence."

[5] Véase además, Lee v. Illinois, 476 U.S. 530 (1986).

presented here, where the powerfully
incriminating extrajudicial statements of a
codefendant, who stands accused side by side
with the defendant, are deliberately spread
before the jury in a joint trial. Not only are
the incriminations devastating to the defendant
but their credibility is inevitably suspect, a
fact recognized when accomplices do take the
stand and the jury is instructed to weigh their
testimony carefully given the recognized
motivation to shift blame onto others. The
unreliability of such evidence is intolerably
compounded when the alleged accomplice, as here,
does not testify and cannot be tested by cross-
examination. It was against such threats to a
fair trial that the Confrontation Clause was
directed. (Énfasis nuestro.)

Posteriormente, en Richardson v. Marsh, 481 U.S. 200

(1987), el Tribunal Supremo Federal delimitó el alcance de

sus expresiones en Bruton v. U.S., ante. Resolvió que no

se viola el derecho constitucional a la confrontación

cuando, con la debida instrucción limitativa, se admite en

evidencia la confesión de un coacusado redactada de tal

forma que elimina el nombre del otro acusado y cualquier

referencia a la existencia de éste.[6] Por su pertinencia,

esbozamos a continuación las expresiones en el referido

caso de la Corte Suprema federal:

[i]n Bruton … we held that a defendant is
deprived of his Sixth Amendment right of
confrontation when the facially incriminating
confession of a nontestifying codefendant is
introduced at their joint trial, even if the
jury is instructed to consider the confession
only against the codefendant. … There is an
important distinction between this case and

---

[6] Posteriormente, en Gray v. Maryland, 523 U.S. 185 (1998),
el Tribunal Supremo Federal resolvió que no es aceptable
reemplazar el nombre del acusado con un espacio en blanco
o con la palabra "deleted".

Bruton, which causes it to fall outside the narrow exception we have created. In Bruton, the codefendant´s confession expressly implicated the defendant as his accomplice. Thus, at the time that confession was introduced there was not the slightest doubt that it would prove powerfully incriminating. By contrast, in this case the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial. …

One might say, of course, that a certain way of assuring compliance would be to try defendants separately whenever an incriminating statement of one of them is sought to be used. That is not as facile or as just a remedy as might seem. Joint trials play a vital role in the criminal justice system, accounting for almost one third of federal criminal trials in the last five years. … It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability – advantages which sometimes operate to the defendant´s benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. The other way of assuring compliance with an expansive Bruton rule would be to forgo use of codefendant confessions. That price also is too high, since confessions are more than merely desirable, they are essential to society's compelling interest in finding, convicting, and punishing those who violate the law.

The rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process. On the precise

facts of Bruton, involving a facially incriminating confession, we found that accommodation inadequate. As our discussion above shows, the calculus changes when confessions that do not name the defendant are at issue. While we continue to apply Bruton where we have found that its rationale validly applies, we decline to extend it further. We hold that the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence. (Énfasis nuestro.)

Luego de resuelto Richardson v. Marsh, ante, el análisis se enfoca en determinar si la declaración en cuestión incrimina al coacusado y a cuál grado. "Only those statements by a nontestifying defendant that directly incriminate a codefendant will generally give rise to a constitutional violation. Depending on the level of implication, instructions to the jury to avoid inferring any link between codefendants redacted statement and the defendant may adequately protect the defendant's Sixth Amendment rights." Moore´s Federal Practice-Criminal, Chapter 614- Relief from Prejudicial Joinder, § 614.06 Severance based on Admission of Codefendant´s Statements, Matthew bender & Company, Inc., LexisNexis. Véase además C.A. Wright, Federal Practice and Procedure, Volumen 1A, West Group, 1999, § 224, p. 527, (There is no Bruton problem if the confession of one defendant does not refer to the other defendant….).

Bajo un análisis similar al utilizado por el Tribunal Supremo Federal en Richardson v. Marsh, ante, varias cortes de circuito federales han resuelto que no se configura una violación al derecho constitucional a confrontación y, por ende, no se justifica una separación de juicios, cuando la manifestación o declaración del coacusado no implica o incrimina de su faz, o directamente, al otro acusado y se brindan las debidas instrucciones limitativas al jurado. Véase: U.S. v. Fong Chen, 393 F.3d 139 (2004, 2nd Circuit); U.S. v. Williamson, 339 F.3d 1295 (2003, 11th Circuit); U.S. v. Hernandez, 330 F.3d 964 (2003, 7th Circuit); U.S. v. Rahseparian, 231 F.3d 1267 (2000, 10th Circuit); U.S. v. Lage, 183 F.3d 374 (1999, 5th Circuit); U.S. v. Mann, 161 F.3d 840 (1998, 5th Circuit); U.S. v. Moore, 149 F.3d 773 (1998, 8th Circuit); U.S. v. Cobleigh, 75 F.3d 242 (1996, 6th Circuit); U.S. v. Olano, 62 F. 3d 1180 (1995, 9th Circuit); U.S. v. Di Gregorio, 605 F.2d 1184 (1979, 1st Circuit), 444 U.S. 937 (cert. denied); U.S. v. Hicks, 524 F.2d 1001 (1975, 5th Circuit), 424 U.S. 946 (cert. denied).

Aun cuando nuestra Constitución es de factura más ancha, no encontramos razón de envergadura que justifique apartarnos de la normativa antes esbozada. En un efectivo balance entre el derecho a confrontación y los intereses que se protegen mediante la celebración de juicios consolidados --entre éstos, intereses sociales y de efectiva, justa, rápida y económica administración de la

justicia-- somos del criterio que la separación compulsoria establecida en la Regla 91 de Procedimiento Criminal, ante, procede <u>únicamente</u> cuando las declaraciones, admisiones o confesiones de un coacusado <u>incriminan directamente</u> al coacusado que solicita la separación; situación que, realmente, impide que el perjuicio causado sea salvado por una efectiva instrucción del tribunal al jurado.

Ciertamente, ante manifestaciones que en nada incriminarían al acusado que solicita la separación, y/o cuando el perjuicio que pudiera causarse es mínimo, el balance de intereses se inclina a favor de la celebración de juicios consolidados, pues, según expusimos en <u>Pueblo</u> <u>v. Maya Pérez</u>, 99 D.P.R. 823, 825-826 (1971): "… [l]a celebración conjunta de varios casos contra distintos acusados, tiene el propósito de acelerar la administración de la justicia. … [C]elebrar conjuntamente la vista de varias acusaciones contra distintas personas, es beneficioso para la sociedad que reclama una justicia rápida, pero puede, por otro lado, acarrearles perjuicios a los acusados. <u>Si el perjuicio es mínimo, debe ceder ante</u> <u>el beneficio que representa la vista conjunta, ...</u>". (Énfasis nuestro.)

Coincidimos con el Profesor Chiesa a los efectos de que:

> existe un innegable interés social en la acumulación de causas y la celebración de un solo juicio. La duplicación de juicios, en

relación con actos delictivos que se originan en unos mismos hechos, acarrea serias inconveniencias, al gobierno y a las personas afectadas. Así, habrá que citar a los mismos testigos a que comparezcan a las distintas vistas que haya que celebrar, se utilizarán mayores recursos judiciales, se incurrirá en mayores gastos, habrá que seleccionar un jurado distinto para cada juicio, etc. E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, ante, p. 187.

Resulta pertinente señalar que en el pasado, aun cuando no habíamos abordado frontalmente la situación, en varias ocasiones intimamos el resultado al cual hoy llegamos. En Pueblo v. Echevarría Rodríguez, 128 D.P.R. 299, 323 (1991), nos enfrentamos a un señalamiento de violación al derecho a confrontación por no haberse concedido un juicio por separado, a pesar de que se admitieron en evidencia manifestaciones de un coacusado que implicaban a la acusada Lydia Echevarria. Allí, aunque no nos vimos en la necesidad de expresarnos sobre la norma establecida en Bruton v. U.S., ante, y su progenie --debido a que las manifestaciones fueron hechas durante la vigencia de una conspiración-- expresamos que Bruton v. U.S., ante, era el caso normativo en cuanto a la inadmisibilidad de una declaración de un coautor que incrimina al otro en base al derecho constitucional a la confrontación.

Por otro lado, en Pueblo v. Meliá León, ante, p. 730, y citando con aprobación al Profesor Chiesa, señalamos que el efecto práctico de la Regla 91 en cuestión es

establecer una separación compulsoria únicamente cuando un coacusado hubiera hecho declaraciones incriminatorias que afecten inevitablemente al coacusado que solicita la separación.

Incluso, ya en Reyes v. Tribunal Superior, ante, caso en el cual resolvimos conforme al contenido de la Regla 91 de Procedimiento Criminal --la cual había sido recién adoptada por este Tribunal y remitida a la Asamblea Legislativa-- intimamos que la declaración, confesión o admisión del coacusado debe hacer referencia al acusado que solicita la separación. Expusimos entonces que: "debe ser norma de los tribunales de instancia examinar la declaración [del coacusado] que intenta presentar el fiscal y determinar si la alusión que en ella se hace al otro acusado le afectaría adversamente". Reyes v. Tribunal Superior, ante, p. 37. (Énfasis nuestro.)

En fin, resolvemos que las declaraciones, admisiones o confesiones que justifican un juicio por separado, bajo la Regla 91 de Procedimiento Criminal, son aquellas que incriminan directamente al acusado que solicita la separación; situación que, repetimos, es tan perjudicial que, en realidad, no puede ser "salvada" por una instrucción al jurado. Resolver lo contrario sería brindarle a la Regla 91 un efecto excesivamente amplio y abarcador ante circunstancias que, conforme al desarrollo doctrinal, no configuran una violación al derecho a confrontación.

III

En el caso hoy ante nuestra consideración, <u>no</u> existe controversia respecto a que las manifestaciones de William Elías Rodríguez <u>no</u> incriminan o inculpan a Bernadette Virkler. Aun cuando no tenemos a nuestra disposición las distintas manifestaciones que se le atribuyen a Elías Rodríguez, de la resolución emitida por el Tribunal de Primera Instancia y de los escritos presentados por las partes, surge que las manifestaciones en cuestión fueron hechas por William Elías Rodríguez a médicos y paramédicos en relación a la alegada condición física del menor previo a su muerte. <u>Estas no mencionan ni involucran en grado alguno a Bernadette Virkler</u>. En consecuencia, las manifestaciones de Elías Rodríguez no constituyen justificación suficiente para ordenar una separación de juicio en virtud de la Regla 91 de Procedimiento Criminal.

En todo caso --según se expusiera en <u>Richardson v. Marsh</u>, ante-- cualquier alegación de violación al derecho a confrontación de Bernadette Virkler podría subsanarse mediante las debidas instrucciones al jurado respecto a que las manifestaciones de William Elías Rodríguez no son admisibles en contra de ésta. Ello, claro está, si dichas manifestaciones no son independientemente admisibles en contra de Virkler bajo la normativa prevaleciente que regula la prueba de referencia.

IV

Por último, nos corresponde determinar si procede ordenar la separación del juicio bajo el criterio general de perjuicio establecido en la Regla 90 de Procedimiento Criminal.

La Regla 90 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que:

> [s]i se demostrare que un acusado o El Pueblo han de perjudicarse por haberse unido varios delitos o acusados en una acusación o denuncia, o por la celebración del juicio conjuntamente, el tribunal podrá ordenar el juicio por separado de delitos o de acusados, o conceder cualquier otro remedio que en justicia proceda.

Mediante esta disposición reglamentaria, "el acusado que solicita la separación puede invocar cualquier potencial de perjuicio significativo que engendra la consolidación, pero que se desvanece o se reduce marcadamente con la separación". E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, ante, p. 215. (Énfasis nuestro.)

En el presente caso, Bernadette Virkler basa su alegación de perjuicio, principalmente, en que las manifestaciones de William Elías Rodríguez son prueba de referencia inadmisible en su contra y que en un juicio conjunto no podrá llamar como testigo a Elías Rodríguez para que testifique sobre la existencia, veracidad y extensión de las manifestaciones que se le atribuyen. Por su parte, el Estado sostiene que el perjuicio aducido por

Virkler es uno especulativo debido a que presume que las declaraciones de Elías son prueba de referencia porque se traen para probar la verdad de lo aseverado o que son prueba de referencia inadmisible en su contra.[7] Le asiste la razón al ministerio público.

La existencia o no del perjuicio aducido por Bernadette Virkler depende de que, en efecto, las manifestaciones de William Elías Rodríguez constituyan prueba de referencia porque se traen para probar la veracidad de lo aseverado y que, a su vez, sean inadmisibles en su contra conforme a la normativa prevaleciente sobre prueba de referencia. No estamos en posición de resolver dichos asuntos, pues su resolución y la determinación de si con ello se cumple el grado de perjuicio requerido bajo la Regla 90 de Procedimiento Criminal, le corresponde en su debido momento al tribunal de instancia. De lo contrario, estaríamos resolviendo un asunto que aún no ha sido atendido en su fondo por el tribunal de instancia y sin el beneficio del contenido

---

[7] Del expediente surge que el Ministerio Público aduce que las manifestaciones de William Elías Rodríguez no son prueba de referencia debido a que no se traen para probar la veracidad de lo aseverado, sino para probar que lo manifestado es falso con los fines de demostrar un designio común entre los coacusados de encubrir lo que realmente ocurrió en el hogar. Sostiene que lo que ocurrió con el niño no se va a probar con dichas manifestaciones, sino con evidencia científica independiente. En la alternativa, alega que las manifestaciones constituyen prueba de referencia admisible de forma independiente en contra de Bernadette Virkler, aun en un juicio separado.

específico de cada una de las manifestaciones que se le atribuyen a William Elías Rodríguez.

Incluso, el que existan manifestaciones de William Elías Rodríguez que constituyan prueba de referencia, inadmisibles en contra de Bernadette Virkler, no necesariamente justifica la separación del juicio si el tribunal de instancia determina que el perjuicio que pueda provocarse se subsana mediante una instrucción limitativa al jurado, según establecido en Richardson v. Marsh, ante, o si el Estado se allana a no presentar las manifestaciones inadmisibles en contra de Bernadette Virkler.

Por consiguiente, procede devolver el caso al Tribunal de Primera Instancia para que dilucide si las manifestaciones de William Elías Rodríguez son prueba de referencia inadmisible en contra de Bernadette Virkler y si, de serlas, si su admisión en juicio conjunto --aun mediando instrucciones limitativas al jurado-- configura un grado de perjuicio significativo que justifique la separación de un juicio conforme a la Regla 90 de Procedimiento Criminal.[8]

---

[8] Bernadette Virkler también alega que la celebración conjunta del juicio le provocará perjuicio, debido a que se generaría un espectáculo frente al jurado, lo cual impediría una más completa asistencia de abogado. Ello tampoco nos corresponde resolverlo debido a que no se alegó dicho perjuicio ante el Tribunal de Primera Instancia. Cualquier determinación al respecto le corresponde al foro de instancia.

V

En mérito de lo antes expuesto, procede confirmar los dictámenes recurridos y devolver el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo aquí expresado y resuelto.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        vs.                     CC-2007-74      *CERTIORARI*

Bernadette Virkler

    Peticionaria

SENTENCIA

San Juan, Puerto Rico, a 27 de agosto de 2007

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia confirmatoria de los dictámenes recurridos y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo aquí expresado y resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton concurre en el resultado sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo