**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brian THOMAS, Floyd JOHNSON,
Defendants–Appellants.**

**No. 91–8707.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 5, 1993.

---

698

Stephanie Ann Kearns, Federal Defender Program, Inc., Atlanta, Ga., for Thomas.

Emerson Carey, Jr., Atlanta, Ga., for Johnson.

Mary Jane Stewart, Asst. U.S. Atty., Atlanta, Ga., for the U.S.

Before KRAVITCH, Circuit Judge, CLARK, Senior Circuit Judge, and PITTMAN *, Senior District Judge.

KRAVITCH, Circuit Judge:

Defendants Floyd Johnson ("Johnson") and Brian Thomas ("Thomas") appeal from their convictions for involvement in a cocaine transaction. We uphold Johnson's and Thomas's convictions on Count One for conspiracy to possess with intent to distribute but reverse Thomas's conviction on Count Two for aiding and abetting in the use of a firearm during the commission of a drug felony. In reversing Thomas's conviction, we hold that a defendant reserves his Fed.R.Crim.P. 29 right to appellate review of a particular count on the basis of the government's case-in-chief alone when he refrains from presenting evidence on that count, regardless of whether he submits evidence on other counts.

## I. STATEMENT OF THE FACTS

Johnson, Thomas and Eulas Calloway ("Calloway") [together the "defendants"] were arrested for their involvement in an aborted drug transaction in which several exotic automobiles and a $25,000 cashier's check were to be traded for nine kilograms of cocaine. The transaction was actually a

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

"sting" operation involving Karen and Craig Redecker, two drug convicts who were attempting to reduce their sentences by cooperating with the government.

The defendants were charged in a two count indictment with conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 ("Count One") and with aiding and abetting each other in the use and carrying of a firearm during a drug felony in violation of 18 U.S.C. § 924(c) ("Count Two"). All three defendants pleaded not guilty and were tried jointly. No one requested a separate trial.

At trial, the government introduced evidence of a series of meetings between the Redeckers, Thomas, Johnson and Jim Traylor. Traylor is Karen Redecker's father and was the purported "supplier" for the drug transaction. Through the testimony of the Redeckers, Traylor and four Drug Enforcement Administration (DEA) agents involved in the operation, the government showed that the Redeckers and Traylor had arranged to trade nine kilograms of cocaine for the cars and the cashier's check for $25,000. The exchange was to occur at the Rio Shopping Center in Atlanta's midtown section. The DEA agents conducted surveillance at the Center on the day of the transaction. Although Johnson had told Craig Redecker that an individual by the name of Eddie would accompany him to the exchange, the man agents observed with Johnson on the day of the transaction was actually defendant Calloway.

DEA Agent Cesar Diaz testified that he observed Johnson and Calloway walking along the street before meeting with Thomas in the parking lot. Agent Diaz then saw Thomas enter the shopping area. Several times Thomas walked out, looked at the parking lot and then returned to the shopping area. At the pre-arranged time, Agent Diaz arrested Thomas.

Johnson was arrested immediately after the Redeckers had received the $25,000 check and while they were inspecting the cars. Calloway attempted to flee arrest but was caught within several blocks of the shopping center. The agents recovered a .38 caliber revolver tucked into Calloway's pants. At no point in the government's case was any evidence introduced linking Thomas to the gun found on Calloway. In fact, Traylor had testified that he, the Redeckers, Thomas and Johnson had agreed to not bring any weapons to the shopping center.

At the close of the government's evidence, all defendants moved for judgments of acquital pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The district court denied Thomas's motion in its entirety, denied Johnson's motion as to Count Two, but reserved ruling as to Count One, and reserved ruling on Calloway's motion.

After the government rested, Thomas put on three witnesses, all of whom testified to facts relating to the conspiracy charge. Thomas presented no evidence on the gun charge, nor did he take the stand to testify. Both Johnson and Calloway testified in their own defense. Calloway stated that he had been hired to act as a security guard for a car repossession. He also testified that Thomas had given him the gun. Calloway admitted, however, that, upon arrest, he told a DEA agent that Johnson had given him the gun. During cross-examination by Thomas's attorney, Calloway conceded that he previously had taken a polygraph exam. Calloway admitted that he told the polygraph examiner that he was confused when he told the DEA agent that Johnson had given him the gun and then he told the examiner that Thomas had given him the gun. On further cross-examination, Calloway acknowledged that the polygraph examiner told him after the exam that he had failed the test on the question of who gave him the gun. Johnson testified that he had not known that there were drugs involved in the transaction. He also stated that Calloway was along for protection but that he had not given the gun to Calloway.

At the close of all the evidence, the district court denied all the motions on which it had reserved ruling earlier. All three defendants then renewed their Rule 29 motions. Once again the district court denied Thomas's motion, denied Johnson's motion

on the conspiracy count but reserved ruling on the gun count, and reserved ruling on Calloway's motion.

Thomas was convicted on both Count One—conspiracy—and Count Two—the gun charge. Johnson was convicted on Count One but acquitted on Count Two. Calloway was acquitted on both counts.

The district court sentenced Johnson to serve 138 months of incarceration, followed by three years of supervised release and a $50 special assessment. Thomas was also sentenced to 138 months, 78 months on Count One and 60 months on Count Two, to be followed by three years supervised release and a special assessment of $100. Thomas's sentence had been decreased to reflect acceptance of responsibility. Johnson and Thomas now appeal.

## II. THOMAS'S RULE 29 MOTIONS

Thomas makes several arguments based on the district court's handling of his and Calloway's Rule 29 motions. Rule 29(a) provides that:

> The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

Fed.R.Crim.P. 29(a). All three defendants made Rule 29 motions for a judgment of acquittal at the end of the government's case and each renewed their motions at the close of all evidence. Thomas challenges the district court's denial of both of his Rule 29 motions as well as the district court's decision to reserve ruling on Calloway's first Rule 29 motion.

### A. Sufficiency of the Evidence

Thomas argues that the district court erred in not granting his Rule 29 motion made at the close of the government's case-in-chief (First Motion) as to Count Two, the gun count. He claims that the government presented insufficient evidence linking Thomas to the gun carried by Calloway. Thomas does not challenge the district court's denial of his First Motion in regard to the conspiracy count.

▪ It is well established that appellate courts review sufficiency claims "in the light most favorable to the government and draw all reasonable inferences and make all credibility determinations in support of the jury's verdict." *United States v. Reme,* 738 F.2d 1156, 1160 (11th Cir. 1984), *cert. denied, Pierrot v. United States,* 471 U.S. 1104, 105 S.Ct. 2334, 85 L.Ed.2d 850 (1985) (citing *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942)); *United States v. Rhodes,* 631 F.2d 43, 44 (5th Cir. Unit B 1980).[1] We will uphold a conviction if, after viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences in its favor, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Reme,* 738 F.2d at 1160.

Thomas was charged with aiding and abetting the other defendants in the use and carrying of a firearm during and in relation to a drug felony, in violation of 18 U.S.C. § 924(c). When, however, the government rested, there was nothing in its case, even after applying the aforementioned lenient "sufficiency" standard, linking Thomas to the gun carried by Calloway.

▪ In addressing another 924(c) case, this court set forth the requirements for upholding an aiding and abetting charge associated with a 924(c) possession of a gun:

> To prove aiding and abetting, the government must demonstrate that a substantive offense was committed, that the defendant associated himself with the crim-

---

**1.** *In Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to Oct. 1, 1981.

inal venture, and that he committed some act which furthered the crime.

*United States v. Hamblin,* 911 F.2d 551, 557 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2241, 114 L.Ed.2d 482 (1991). In *Hamblin,* the court held that the government must present evidence proving that defendant had the "knowledge required to convict him under section 924(c)." *Id.* at 558. Applying this standard, the court vacated defendant's conviction because the government had presented insufficient evidence to prove that defendant knew his co-defendant would use a gun in the commission of the robbery, even though defendant was intimately involved in the robbery, i.e. defendant drove the co-defendant to the bank for purposes of committing the robbery. *Id.* at 558. *See also United States v. Moore,* 936 F.2d 1508, 1528 (7th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 607, 116 L.Ed.2d 630 (1991) (knowledge is required to prove aiding and abetting).

■ Similarly, in *United States v. Pendergraph,* 791 F.2d 1462 (11th Cir.), *cert. denied, Mikels v. United States,* 479 U.S. 869, 107 S.Ct. 235, 93 L.Ed.2d 160 (1986), this court held that a 924(c) conviction must be supported by evidence "directly showing [defendant's] knowledge" that a gun would be used in the commission of the offense. *Id.* at 1465–66. The *Pendergraph* court found insufficient evidence to convict the defendant of "armed" robbery because there was no showing that defendant knew that his co-defendant would use a gun. *Id.* at 1466. The government here also failed to prove, during its case-in-chief, that Thomas knew that Calloway was carrying a gun. In fact, the government offered absolutely no testimony linking Thomas to the gun. As we stated in *Hamblin,* "intuition cannot substitute for admissible evidence when a defendant is on trial," 911 F.2d at 558, nor can charges under 18 U.S.C. § 924(c) be proven through "guilt by association." *Id.* at 558 n. 4.

### B. Waiver

Given that there was insufficient evidence to convict Thomas on the gun count at the close of the government's evidence, we must determine whether Thomas waived his right to have an appellate court review his first Rule 29 motion. After the district court denied this motion, Thomas presented rebuttal evidence addressing the conspiracy charge but presented no evidence on the gun charge.

■ Generally, "a defendant's decision to present evidence in his behalf following denial of his motion for a judgment of acquittal made at the conclusion of the Government's evidence operates as a waiver of his objection to the denial of his motion." *United States v. White,* 611 F.2d 531, 536 (5th Cir.), *cert. denied,* 446 U.S. 992, 100 S.Ct. 2978, 64 L.Ed.2d 849 (1980). In other words, when a defendant offers rebuttal evidence, he "forgoes or waives appellate review of [or any error in] the denial of the motion." *Rhodes,* 631 F.2d at 44; *United States v. Cook,* 586 F.2d 572, 576 (5th Cir.1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); *Jackson v. United States,* 250 F.2d 897, 900 (5th Cir.1958). *See also United States v. Correa–Tobon,* 748 F.2d 1509, 1511 (11th Cir.1984). Because of the waiver rule, a defendant who "presents the testimony of himself or of others and asks the jury to evaluate his credibility (and that of his witnesses) against the government's case ... cannot insulate himself from the risk that the evidence will be favorable to the government." *Rhodes,* 631 F.2d at 44 (quoting *United States v. Belt,* 574 F.2d 1234, 1236–37 (5th Cir.1978)).

■ When a defendant declines to put on any evidence in his own behalf, however, an appellate court must evaluate the sufficiency of the evidence against the defendant "solely in terms of the proof presented in the government's case-in-chief." *Reme,* 738 F.2d at 1161; *Belt,* 574 F.2d at 1236–37. Consequently, if Thomas waived his rights of appellate review of his First Motion, we must deny him relief based on our holding that the totality of the evidence was sufficient to allow the case to be submitted to the jury. On the other hand, if we hold that Thomas did not waive his right to review when he offered evidence

on the conspiracy count, we must find that the district court erred in denying Thomas's motion on the gun count because the government did not present sufficient evidence to sustain a conviction under section 924(a).

### C. Co-defendant's Testimony

■ "The fact that the codefendant testifies does not eliminate the appealing defendant's right to review of his own rule 29(a) motion." *Belt,* 574 F.2d at 1236; *Franklin v. United States,* 330 F.2d 205, 207 (D.C.Cir.1963); *United States v. Magdaniel–Mora,* 746 F.2d 715, 720 (11th Cir.1984). If a defendant introduces no evidence after the government rests, an appellate court's review is limited to the evidence produced by the government in its case-in-chief, despite the fact that co-defendants did offer testimony. *Magdaniel–Mora,* 746 F.2d at 720; *Belt,* 574 F.2d at 1236.

These holdings are supported by two rationales. First, "the decision of a codefendant to testify and produce witnesses is not subject to the defendant's control like testimony the defendant elects to produce in his own defensive case, nor is such testimony within the government's power to command in a joint trial." *Belt,* 574 F.2d at 1237. Consequently, there is no reason to hold defendant responsible for testimony over which he has no control. Second, it would be improper to permit the government to "rely on a testifying codefendant to supply missing links in its case." *Id.*

■ Rule 29 motions made at the close of the government's evidence are also preserved despite a defendant's decision to cross-examine testifying co-defendants. A defendant does "not forego [sic] appellate review of his mid-trial motion for judgment of acquittal by cross-examining his codefendant and calling witnesses to rebut the codefendant's testimony." *Belt,* 574 F.2d at 1236.[2]

### D. Count by Count Waiver

We must now resolve a question of first impression for this court: whether a defendant who presents evidence on one count, but no evidence on another count, preserves his right to have the nonrebutted count reviewed based on the government's case alone. Because we believe that a defendant's rights are preserved when he refrains from presenting evidence on one count, outside of allowable cross-examination, we reverse the district court as to the gun count because there was insufficient evidence at the close of the government's case to convict Thomas on this count.

■ From the wording of the rule, which refers to the granting of a judgment on "one or more offenses charged in the indictment," it is obvious that a defendant can gain a judgment of acquittal as to an individual count without proving insufficient evidence as to each and every count. Indeed, the district judge was aware of this flexibility as evidenced by the fact that he denied defendant Johnson's Rule 29 motion on the conspiracy count but reserved ruling on the gun count.

■ Because district judges have Rule 29 authority to grant judgments of acquittal on a count by count basis, it follows that a defendant can reserve review of those decisions by a district court, also on a count by count basis. In this instance, Thomas made a Rule 29 motion encompassing both counts. The district court denied both motions. Thomas then presented evidence only on Count One, the conspiracy count, and offered absolutely *no* testimony which in any way addressed Count Two, the gun count. The only information concerning the gun was offered through the testimony of co-defendants Johnson and Calloway.

Just as it would be improper to permit the government to "rely on a testifying codefendant to supply missing links in its case," *Belt,* 574 F.2d at 1236, it is improper

---

**2.** These decisions concerning co-defendants' testimony imply that defendants waive their rights when they as well as their co-defendants present evidence, even though the content of the co-defendants' testimony remains outside their control and may prove more harmful than their own rebuttal proves helpful. A defendant can redress this problem by requesting separate trials. However, none of the defendants in this case made such a motion. *See also infra* note 3.

to rely on that same testimony to supply missing links on issues that defendant has chosen not to rebut. If we were to hold otherwise, we would be encouraging the government to engage in fishing expeditions, charging a defendant with one supportable claim and several questionable claims in the hope of obtaining useful evidence from the testimony of co-defendants. Defendants would then be faced with the distasteful choice between 1) rebutting the government's case as to any valid claims and risking becoming embroiled in the unsupported claims through the testimony of co-defendants and 2) refraining from presenting any evidence on any counts in order to preserve their rights to have reviewing courts consider only the government's case-in-chief in determining which counts had been sufficiently supported by the government's evidence.[3]

■ We conclude that by refraining from offering any evidence on the gun count, Thomas reserved his right, under Rule 29, to have this court review that count by considering only the evidence offered by the government during its case-in-chief. As mentioned above, we find that evidence insufficient to sustain Thomas's conviction for aiding and abetting in the possession of a gun during the commission of a drug related crime. Consequently, we vacate Thomas's conviction on Count Two.

### III. Thomas's Second Rule 29 Motion and the District Court's Erroneous Reservation of Ruling on Calloway's Motion

Thomas also challenges the denial of his Rule 29 motion made at the *close of all evidence* ("Second Motion"). He argues that the district court erroneously reserved ruling on Calloway's Rule 29 motion made at the *close of the government's case-in-chief*[4]. Thomas claims that Calloway would never have offered incriminating testimony concerning Thomas's involvement with the gun if the district court had immediately ruled on Calloway's motion. Although the district court did err when it reserved ruling on Calloway's Rule 29 motion, the ruling did not cause Thomas to suffer any redressable harm.

■ There is no doubt that district courts are not permitted to reserve ruling on Rule 29 motions made at the close of the government's case-in-chief. The wording of the Rule states that reservation *is* appropriate at the close of all evidence, thus indicating by exclusion that reservation is not appropriate for rulings on Rule 29 motions made at the close of the government's case:

> If a motion for judgment of acquittal is made *at the close of all the evidence, the court may reserve decision on the mo-*

---

3. It is true that Thomas never requested a separate trial. His failure to exercise this right, however, does not impact on his independent rights under Rule 29 and the case law governing insufficiency of the evidence claims. More importantly, before trial and after presentation of the government's case-in-chief, Thomas could not have satisfied this court's standard for severance of a trial involving co-defendants. "To compel severance the defenses must be more than merely antagonistic, they must be irreconcilable." *United States v. Harmas,* 974 F.2d 1262, 1269 (11th Cir.1992) (citing *United States v. Bovain,* 708 F.2d 606, 610 (11th Cir.), *cert. denied,* 464 U.S. 898, 104 S.Ct. 251, 78 L.Ed.2d 238 (1983)). Because the government put forth no evidence linking Thomas to the gun, he could not have known that Calloway's and Johnson's testimony would implicate him. And in seeking to maintain his right to appeal the court's denial of the Rule 29 motion, Thomas could not rebut Johnson's and Calloway's charges.

4. Although we are not compelled to address this issue because we have already decided to vacate the conviction on the gun count, we nevertheless briefly discuss Thomas's claim in order to clarify the law in this area.

In *Jackson v. United States,* 250 F.2d 897, 900 (5th Cir.1958), this court stated:

The court may reserve a ruling on a motion for acquittal made at the close of all the evidence and submit the case to the jury. There is no such provision where the motion is made at the close of the Government's case. The reservation to a defendant of the right to offer testimony after the denial of a motion for acquittal made at the close of the Government's case would be a futile thing if the court could reserve its ruling and force the defendant to an election between arresting and being deprived of the benefit of the motion .... The ruling on the motion should have been made before the appellant rested.

250 F.2d at 901.

*tion,* submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

Fed.R.Crim.P. 29(b) (emphasis added). Early in the life of the Rule, the former Fifth Circuit explicitly stated that a district court's authority to reserve ruling only applies to Rule 29 motions made at the close of all evidence and not to motions made at the close of the government's case. *Jackson v. United States,* 250 F.2d 897, 900 (5th Cir.1958). In 1980, this circuit stated similarly that:

> It is settled law in this Circuit that, when a motion for judgment of acquittal is made at the close of the Government's case, the trial court is not permitted to reserve its ruling.... Rather, the trial court must issue its ruling before the defense presents its case.

*Rhodes,* 631 F.2d at 44. Therefore, the district court erred when it refrained from ruling on Calloway's Rule 29 motion made at the close of the government's case-in-chief.

▮▮▮▮▮ Thomas argues that because the district court erred in this manner, this court should review Thomas's Second Motion without regard to Calloway's testimony. In general, courts consider all evidence presented at trial when reviewing a denial of a Rule 29 motion made at the close of a defendant's case. Thomas claims that but for the district court's erroneous ruling, Calloway would never have testified and consequently the jury would never have heard Calloway's statement that Thomas gave him the gun. Thomas relies on this circuit's holding that "if the trial court erroneously defers ruling on the motion for acquittal and the defendant presents evidence, the appellate court in reviewing the sufficiency of the evidence will only consider the evidence presented in the Gov-

ernment's case in chief." *Rhodes,* 631 F.2d at 44; *accord Cook,* 586 F.2d at 576. This quote, however, applies to the standard of review and the evidence reviewable in assessing a Rule 29 motion made by the same defendant who made the original motion erroneously ruled upon by the judge. It is far from clear that Thomas gets the benefit of this holding when the error was committed by the district court in ruling on a co-defendant's motion.[5]

▮▮▮ Assuming arguendo that Thomas has standing to contest the court's ruling on Calloway's motion, Thomas has not proven that he was harmed by the ruling. He claims that Calloway's testimony would never have reached the jury if the district court had granted Calloway's motion immediately. Thomas, however, ignores the fact that had the judge granted Calloway's motion, Calloway could have been subpoenaed to testify to the same information that he offered while still an accused defendant. Because Thomas has shown neither standing to contest a ruling made on a co-defendant's motion, nor harm from such ruling, we decline to limit the evidence we may consider when evaluating Thomas's Second Rule 29 Motion.

After considering all the evidence, including Calloway's testimony, we conclude that the district court correctly denied Thomas's Second Motion.

## IV. JOHNSON'S ALLEGATIONS

Defendant Johnson argues that his conviction should be reversed because the government knowingly presented perjurious testimony. In addition, Johnson argues that the government committed a *Brady* violation by destroying exculpatory "tapes, recordings, including consent recordings."

Neither of these claims can be addressed by this court because Johnson failed to raise these objections in the district court.

---

**5.** Numerous constitutional rights are considered "personal rights" which "may not be vicariously asserted." *Alderman v. United States,* 394 U.S. 165, 174, 89 S.Ct. 961, 966–67, 22 L.Ed.2d 176 (1969). In this context, as in the Fourth Amendment context, there is no reason to extend coverage to Thomas, in order to preserve the Rule

29 rights of Calloway. *See id.* at 173, 89 S.Ct. at 966; *United States v. Handley,* 763 F.2d 1401 (11th Cir.), *cert. denied,* 474 U.S. 951, 106 S.Ct. 318, 88 L.Ed.2d 301 (1985); *United States v. Fredericks,* 586 F.2d 470, 480–81 (5th Cir.1978), *cert. denied, Fredericks v. United States,* 440 U.S. 962, 99 S.Ct. 1507, 59 L.Ed.2d 776 (1979).

*United States v. Christopher,* 923 F.2d 1545, 1555 (11th Cir.1991); *United States v. Prichett,* 898 F.2d 130, 131 (11th Cir. 1990) ("Normally we will not consider arguments raised for the first time on appeal."). Consequently, we affirm Johnson's conviction.

## V. CONCLUSION

For the above reasons we AFFIRM Johnson's conviction for conspiring to possess cocaine with intent to distribute and REVERSE Thomas's conviction for aiding and abetting in the use and carrying of a firearm during a drug felony.

PITTMAN, Senior District Judge, concurring in part and dissenting in part:

I concur with the majority's discussion and affirmance of Johnson's conviction for conspiring to possess cocaine with intent to distribute. However, I respectfully dissent with regard to the reversal of Thomas' conviction for aiding and abetting in the use and carrying of a firearm during the course of a drug felony. The majority "reverse[s] the district court as to the gun count because there was insufficient evidence at the close of the government's case to convict Thomas on this count."

I dissent for the following reasons:

(1) The entirety of the evidence is sufficient to support Thomas' conviction on the gun count;

(2) The evidence regarding the gun count is inextricably interwoven with the facts in the drug count;

(3) Thomas failed to seek a severance at any time before the trial, at the time when Calloway's testimony was introduced, or before the case was submitted to the jury;

(4) Thomas failed to make a motion for a mistrial when Calloway's testimony was introduced or at any time thereafter; and

(5) Thomas failed to make a motion to exclude Calloway's testimony and seek a cautionary instruction.

After scrutinizing the totality of the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in favor of the verdict, it is clear that the evidence is sufficient to support Thomas' conviction. There was evidence (Calloway's testimony) that Thomas provided the gun used in the transaction and found in Calloway's possession after his arrest. This testimony was neither objected to nor rebutted.

With reference to (2), the inextricable interweaving of the facts in both counts: the Federal Rules of Evidence generally favor the inclusion rather than the exclusion of evidence. Rules 401, 402, and 403. The principle of full disclosure to determine the truth, if such disclosure does not violate a person's constitutional rights, should not be hindered by a new rule that places obstacles in the search for truth. The public has a fundamental right to be protected from crime and especially from violent criminal activity. Crime is rampant, especially violent crimes involving guns and illegal drug transactions. The public is entitled to a safe society based on the whole truth.

In the instant case, one count of the indictment charged Thomas, Johnson, and Calloway with conspiracy to possess with intent to distribute cocaine and the other count of the indictment charged Thomas, Johnson, and Calloway with aiding and abetting in the use of a firearm during the commission of a drug felony. At the time of the arrest in this case, the illegal drug transaction was taking place in the parking lot of a public mall, and the proposed transaction involved a substantial amount of cocaine, exotic cars, and a gun, which gun the evidence shows was given to Calloway by Thomas for use in the transaction. The transaction was in progress in a public place, with large numbers of people undoubtedly in the vicinity, and the gun was for the use of some of the participants in the drug transaction. This is not an instance in which one count of the indictment involves a gun remote in both time and place from an attempt to consummate a drug transaction: in this case, it is undisputed that the gun was present at the attempted transaction. Thomas claims that he was prejudiced by a failure on the government's part to present sufficient evi-

dence in its case-in-chief to sustain his conviction for aiding and abetting in the use and carrying of a firearm during the course of a drug felony. However, in this case, the public's interest outweighs any possible prejudice to the defendant.

With reference to my remaining reasons for dissenting, 3 through 5, the search for truth and the admission of evidence are governed by rules. Ours is an adversary process. The government is limited and is expected to observe the rules of adversary proceedings. The defendant likewise is subject to rules. Neither side in a criminal case can depend on the other side to supply evidence or arguments favorable to the opposing party, and neither side should depend on the trial judge to detect any possible prejudice to either side without being apprised of the possible prejudice, through objection or otherwise, by the parties.

With reference to the count by count waiver, the thrust of the enunciated new rule is that it would be unfair to a defendant to have his or her rights waived by the testimony or evidence of another defendant, especially in a case such as this one in which the defendant did not know of the evidence prior to its introduction. As pointed out in the discussion of the conspiracy count, a defendant who wishes to avoid waiver as a consequence of a codefendant's testimony can seek a severance from that codefendant. A defendant should seek severance before trial if the grounds for severance are apparent at that time. *Federal Rules of Criminal Procedure* 12(b), (f). Thomas could have avoided waiver by seeking a severance from Calloway. I would hold that if the grounds for a severance appear during the trial, as in this case, a defendant can seek, and a court can deny or grant, a severance at that time. However, Thomas made no pretrial motion for severance, and Thomas made no motion for severance at the time that Calloway's testimony was introduced.[1] I would hold that Thomas waived his opportunity to have his initial motion for acquittal reviewed solely on the basis of the government's case be-

cause he failed to seek a severance at the time that Calloway's testimony about Thomas giving him the gun was introduced. At this stage and subsequent thereto, Thomas failed to exercise any of the several options available to him and that failure to exercise his options constituted a waiver. I would hold that just as a defendant waives the opportunity for review of denial of a motion for judgment of acquittal on a count solely on the basis of the government's case by presenting evidence as to that count, a defendant likewise waives that opportunity by failing to take advantage of any of the several means to avoid the type of prejudice alleged in this case.

The majority in the instant case holds that a defendant who is denied a directed verdict of acquittal after the close of the government's case can present rebuttal evidence as to some counts of the indictment while preserving for appellate review on the basis of the government's case alone the motion for directed verdict as to the counts on which no rebuttal evidence was presented. The majority notes that this is a question of first impression for this court.

The waiver rule sets up a bright-line distinction: if a defendant puts on evidence after denial of a motion for acquittal at the close of the government's case, then that motion for acquittal is deemed waived. If the motion is renewed at the end of all the evidence, then "it is only the denial of the later motion that may be claimed as error. The conviction will be affirmed, even though the prosecution may have failed to make a prima facie case, if the evidence for the defense supplied the defect, and the whole record is sufficient to sustain the conviction." 2 Charles A. Wright, *Federal Practice and Procedure* § 463 (2d ed. 1982 & supp. 1992) (citations omitted). The "count by count" waiver scheme proposed by the majority, however, disregards the waiver rule by failing to give sufficient weight to the fact that Thomas did not

1. In fact, Calloway's testimony that Thomas gave him the gun was admitted without objec-

tion by any party.

708

preserve his initial motion for acquittal by requesting a severance or a mistrial, or by even objecting at any point during the trial to the testimony that he now argues prejudiced him.

The policy behind the waiver rule is "that a defendant demonstrated to be guilty beyond a reasonable doubt on the basis of all the valid and admissible evidence will not be set free merely because, had an earlier erroneous ruling been made correctly, the trial would have ended before sufficient evidence to convict had been introduced. That balance between the procedural rights of the defendant and the protection of society might have been struck differently; but the fact is that it has not been." *United States v. Foster*, 783 F.2d 1082, 1084–85 (D.C.Cir.1986). A trial judge, when ruling on the sufficiency of the evidence in a case should be able to consider all of the admissible evidence adduced at trial, and review of a trial judge's determination in such a case should also be on the basis of all of the admissible evidence. The reasoning of the waiver rule where a defendant offers evidence in defense of a particular count should be applied here. The principle of waiver is applied to the gun count not because the defendant offered evidence in his defense of the conspiracy count (he offered no evidence as to the gun count) but because he did not exercise the various options described herein during the course of the trial.

I would further hold that even if the defendant objected, the trial court should be given the opportunity to weigh the public interest as set out above against any prejudice to the defendant. The court frequently weighs the admission of evidence on other motions, balancing competing interests such as set out in Rules 403, 404(b), and 609(a)(1), (b). I believe the trial judge should be given the opportunity to hear arguments pro and con with reference to motions regarding whether the evidence is sufficient and whether defendants or counts should be severed, and if, as in this case, the facts of one count are so inextricably interwoven with the other count, the public interest outweighs any prejudice that might accrue to the defendant by the submission of the case to the jury or denial of a motion to sever. The trial court's familiarity with the totality of the evidence should only be overruled for compelling reasons and when it has acted arbitrarily and capriciously. In a case such as this one in which there is no alleged constitutional deprivation, the trial judge should have the right, after weighing the competing interests, to grant or deny a severance and, if denied, to submit the case to the jury, and those decisions should be given great deference by a reviewing court.

As it is common and proper for several defendants to be tried jointly on numerous counts, we should not tie the hands of the trial judge unnecessarily with numerous trials by reason of severance if a constitutional right is not involved and the facts of the various counts are so interwoven. Conversely, we should not unlock the handcuffs of a person whose guilt is supported by the totality of the evidence unless that person has been deprived of a constitutional right. We should be endeavoring to create a more just and efficient legal system, seeking to do justice based on the whole truth without unnecessary obstacles based on nonconstitutional grounds. For these reasons, I dissent from the reversal of Thomas' conviction on the gun count.