PER CURIAM:
Delvaughan Johnson appeals his conviction and his 111-month sentence imposed after a jury found him guilty of assaulting a law enforcement officer, in violation of 18 U.S.C. §§ 111(a)(1) and (b), and 2 (Count One), and possessing a firearm in furtherance of a ciime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(l)(A)(i), and 2 (Count Two). On appeal, Johnson argues that there is insufficient evidence to support a guilty verdict as to Count Two because he never possessed the firearm used in the offense. In addition, Johnson argues that the district court violated the Fifth and Sixth Amendments, as defined by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by considering the Guidelines as mandatory rather than advisory.[1]

Insufficient Evidence as to Count Two

We review de novo the disposition of a defendant’s properly preserved motion for judgment of acquittal. United States v. *144 Perez-Tosta, 36 F.3d 1552, 1556 (11th Cir. 1994). We must determine whether a reasonable fact-finder could conclude that the evidence established the defendant’s guilt beyond a reasonable doubt. United States v. Pistone, 177 F.3d 957, 958 (11th Cir. 1999). We must view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the government. United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir.2001). Reasonable inferences, and not mere speculation, must support the jury’s verdict of guilty. PerezTosta, 36 F.3d at 1557.
Under 18 U.S.C. § 924(c), an individual who uses, carries, or possesses a firearm during the commission of a violent crime, and who brandishes the firearm, shall receive a mandatory sentence of not less than seven years to be served consecutively with the sentence for the violent crime. 18 U.S.C. § 924(c). In addition, an individual that aids or abets a criminal offense shall be punished as a principal of the crime. 18 U.S.C. § 2(a).
To prove aiding and abetting others in violating 18 U.S.C. § 924(c), the government must show that “a substantive offense was committed, that the defendant associated himself with the criminal venture, and that he committed some act which furthered the crime.” See Bazemore v. United States, 138 F.3d 947, 949 (11th Cir.1998) (addressing a § 2255 motion to vacate); see also United States v. Thomas, 987 F.2d 697, 701-02 (11th Cir. 1993). In addition, there must be “some proof ‘linking’ the defendant to the gun, because section 924(c) does not permit ‘guilt by association.’ ” Bazemore, 138 F.3d at 949. We held in Thomas that “a 924(c) conviction must be supported by evidence directly showing defendant’s knowledge that a gun would be used in the commission of the offense.” 987 F.2d at 702 (quotation omitted).
In this case, when the facts are viewed in the light most favorable to the government, a reasonable trier of fact could find beyond a reasonable doubt that (1) a crime was committed, (2) Johnson associated himself with the criminal endeavor, (3) Johnson knew a firearm would be used or that it was reasonably foreseeable that a firearm would be used, and (4) Johnson was linked to the gun through testimony of witnesses. Accordingly, we affirm Johnson’s conviction as to Count Two.

Booker Claim

Johnson raises this issue for the first time on appeal. If a defendant does not raise Booker objections in the district court, this Court reviews the district court’s decision for plain error. United States v. Shelton, 400 F.3d 1325, 1328 (11th Cir.2005), see also Fed.R.Crim.P. 52(b).
In the case at bar, there were no constitutional errors under Booker because there were no enhancements made to Johnson’s sentence. However, there was a statutory Booker error because Johnson was sentenced using a mandatory Guidelines system, and that error is plain. See Shelton, 400 F.3d at 1330-31. Despite this error, Johnson cannot meet the third prong of the plain-error standard because he cannot demonstrate that his substantial rights were affected by the error. Because the district court never indicated that it would have sentenced Johnson differently if the Guidelines were advisory rather than mandatory, Johnson cannot prevail. See Shelton, 400 F.3d at 1332. Accordingly, the error was harmless, and we affirm Johnson’s sentence.
AFFIRMED.

. Johnson was sentenced on January 11, 2005, and on the next day, January 12, 2005, the U.S. Supreme Court issued its decision in United States v. Booker.