[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10137
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00039-CR-FTM-34-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEROY BLANGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 7, 2009)**

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Robert Leroy Blango appeals from his convictions for two counts of armed

bank robbery and two counts of using a firearm during a crime of violence and his

470-month sentence of imprisonment. On appeal, Blango argues that: (1) the jury

returned a compromised verdict by finding him not guilty of the first two bank robberies, but guilty of the second two robberies, and the verdict thus showed that insufficient evidence existed to establish his guilt; and (2) the mandatory minimum sentence he received conflicted with the 18 U.S.C. § 3553(a) factors. After thorough review, we affirm.

"Sufficiency of the evidence is a question of law reviewed de novo." United States v. Martinez, 83 F.3d 371, 373-74 (11th Cir. 1996). Normally, we review de novo the legality of a criminal sentence. United States v. Castaing-Sosa, 530 F.3d 1358, 1360 n.3 (11th Cir. 2008). However, we review for plain error when, as here, a party appeals an issue to which it did not object in the district court. United States v. Walther, 867 F.2d 1334, 1343 (11th Cir. 1989). Plain error requires a defendant to show: (1) an error; (2) that is plain; (3) affects substantial rights; and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Cotton, 535 U.S. 625, 631 (2002).

First, we find no merit in Blango's claim that there was insufficient evidence to sustain Blango's convictions. The evidence is sufficient to sustain a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Mintmire, 507 F.3d 1273, 1289 (11th Cir. 2007) (quotation and emphasis omitted). We view "the evidence in the light

2

most favorable to the Government and . . . [draw] all reasonable inferences and credibility assessments in the Government's favor." Id. Furthermore, a conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence. United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999). The credibility of witnesses is the exclusive province of the jury. Id. Testimony is incredible as a matter of law if it includes "facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985) (quotation omitted, brackets in original). "[J]ury verdicts are insulated from review on the ground that they are inconsistent. . . .[, and] as long as the guilty verdict is supported by sufficient evidence, it must stand, even in the face of an inconsistent verdict on another count." United States v. Mitchell, 146 F.3d 1338, 1344-45 (11th Cir. 1998) (quotation omitted).

The statute for armed bank robbery, in relevant part, provides that: "[1] [w]hoever, by force and violence, or by intimidation, [2] takes . . . from the . . . presence of another . . . [3] any . . . money . . . [4] belonging to, or in the care, custody, control, management, or possession of, any bank . . . . [5] having accounts insured by the [FDIC]" shall be fined or imprisoned. 18 U.S.C. § 2113(a),(h). Section 924(c) provides additional penalties for a person "[1] who, during and in

relation to any crime of violence, . . . [2] uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). "Bank robbery is a crime of violence covered by [18 U.S.C. § 924]." United States v. Hunt, 187 F.3d 1269, 1270 (11th Cir. 1999). Additionally, if a person aids in the commission of an offense, he is punished as a principal. 18 U.S.C. § 2(a). In order to prove a violation of § 924(c) under an aiding and abetting theory, the government must show that the defendant knew that the codefendant would use a firearm in the commission of the robbery. United States v. Thomas, 987 F.2d 697, 701-02 (11th Cir. 1993).

As an initial matter, Blango's challenge to the jury verdict as inconsistent is not a ground subject to review. Mitchell, 146 F.3d at 1344-45. Moreover, sufficient evidence existed for the jury to find the essential elements of the crimes beyond a reasonable doubt.

Indeed, sufficient evidence existed to support Blango's conviction for the November 2, 2004 robbery of the San Carlos Bank of America. As the record shows, a bank manager testified that the San Carlos branch had accounts insured by the FDIC and lost $18,110.90 in the robbery; other witnesses testified that during the robbery two robbers had guns and ordered everyone to the floor; and a witness, Adrian Gadsden, testified that he robbed the bank with Blango. Viewed in

the light most favorable to the government, the evidence established that Blango: (1) by force, violence, or intimidation; (2) took from the presence of the tellers; (3) $18,110.90; (4) from a bank insured by the FDIC; (5) while carrying a firearm. 18 U.S.C. §§ 924(c)(1)(A); 2113(a),(h); Mintmire, 507 F.3d at 1289; Hunt, 187 F.3d at 1270.

Similarly, sufficient evidence existed as to the November 16, 2004 robbery of the Port Charlotte Bank of America. The record shows that the bank manager testified that the Port Charlotte branch had accounts insured by the FDIC and lost $2,755.98 in the robbery; a bank employee testified that she saw one robber waving a gun and ordering people to get down while the other robber jumped over the counter; another bank employee identified video footage showing a robber removing cash from a drawer; and Gadsden testified that he robbed the bank with Blango and that Blango gave him a gun to use during the robbery. This testimony established that Blango: (1) with force and intimidation; (2) took from the presence of the tellers; (3) $2,755.98; (4) from a bank insured by the FDIC; (5) while Gadsden carried a firearm. 18 U.S.C. §§ 924(c)(1)(A); 2113(a),(h). It also established that Blango knew that Gadsden would use the firearm during the robbery because he gave the firearm to Gadsden for that purpose. 18 U.S.C. § 2(a); Thomas, 987 F.2d at 701-02.

In addition, as to both November robberies, the witnesses' testimony was not incredible, and the jury was entitled to believe those witnesses even if the jury chose not to believe the witness testimony as to the first two bank robberies. Chastain, 198 F.3d at 1351; Rivera, 775 F.2d at 1561. Therefore, sufficient evidence existed for the jury to convict Blango on Counts 5-8 of the indictment.

We likewise reject Blango's argument that the mandatory minimum sentence he received conflicted with the 18 U.S.C. § 3553(a) factors. "It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." Castaing-Sosa, 530 F.3d at 1360-61.

The record here shows that the district court did not err, let alone plainly err, by sentencing Blango to the statutory mandatory minimum. In fact, the district court could not sentence him below that amount because the government did not file a substantial assistance motion, and Blango did not qualify for the safety-valve.

**AFFIRMED.**