# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60829
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2018

Lyle W. Cayce
Clerk

DEDRICK GERMOND SMITH,

Petitioner-Appellant

v.

BONITA MOSLEY, Warden, Federal Correctional Institution Yazoo City,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-109

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Dedrick Germond Smith, federal prisoner # 18526-001, was convicted in the Northern District of Alabama on one count of murdering, and aiding and abetting the murder of, a DEA agent engaged in the performance of his official duties. Smith appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging that conviction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60829

We review the dismissal of Smith's § 2241 petition de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Smith has not shown that Eleventh Circuit precedent foreclosed his claim under *Rosemond v. United States*, 134 S. Ct. 1240 (2014), at the time of his trial, direct appeal, or first 28 U.S.C. § 2255 motion. *See Garland v. Roy*, 615 F.3d 391, 397-98 (5th Cir. 2010); *United States v. Thomas*, 987 F.2d 697, 702 (11th Cir. 1993); *United States v. Hamblin*, 911 F.2d 551, 557-58 (11th Cir. 1990). Accordingly, he has not demonstrated that the district court erred in determining that he could not proceed under § 2241 because he did not meet the requirements of the savings clause under § 2255(e). *See Reyes-Requena v. United States*, 243 F.3d 893, 901, 904 (5th Cir. 2001). Because Smith was convicted in the Northern District of Alabama, the district court in the Southern District of Mississippi lacked jurisdiction to consider his claim under § 2255. *See Pack*, 218 F.3d at 451-52.

While Smith also argues that his claim should be considered in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), Smith did not present any argument citing *Mathis* until his notice of appeal. We generally will not consider claims that were not properly presented in the district court. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). In any event, *Mathis* does not help Smith's challenge to his conviction because *Mathis* concerned the use of the categorical approach for a sentence enhancement and did not change the law regarding the elements required to prove a defendant's guilt or innocence of a crime. *See Mathis*, 136 S. Ct. at 2247-48. Smith's claim that his charges under 18 U.S.C. § 1111 and 18 U.S.C. § 1114 were multiplicitous is not considered because it is raised for the first time in his reply brief. *See Yohey*, 985 F.2d at 225.

AFFIRMED.