[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10908
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20114-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NANA AMA OWUSUA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 14, 2018)

Before ED CARNES, Chief Judge, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Nana Owusua was convicted of two counts of transferring a stolen identification document, in violation of 18 U.S.C. § 1028(a)(2), and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), for attempting to transfer two stolen U.S. passports to Ghana. She received a 36-month sentence. On appeal she raises three claims: (1) that the district court deprived her of a fair trial by excluding evidence pertaining to her defense; (2) that the government failed to present sufficient evidence that she knew the passports were in her package to Ghana; and (3) that her sentence is substantively unreasonable.

I.

In January 2014 Owusua began working as a live-in caretaker for the Doddato family in the Bronx, New York. In January 2016, after Owusua stopped working for the Doddatos but while she still lived in New York, someone broke into the Doddato home and stole three passports. The burglar left the basement light on, leading the Doddatos to believe that the burglar was familiar with the home since the light switch was in an obscure location behind a bookshelf.

On November 21, 2016, Owusua attempted to send a package containing two of the stolen passports to Ghana from a post office in Florida. These two passports were discovered when her package was inspected by the Department of Homeland Security. The third passport was recovered a short time later when, on November 25, Owusua's then boyfriend, Worlanyo Adzimah, brought the passport

2

to a Florida bank claiming that the bank had accidentally returned the passport to him rather than his own passport. Security footage showed that the teller had not made such a mistake and the stolen passport was turned over to the authorities.

Owusua's primary defense theory at trial was that Adzimah placed the stolen passports in the package without Owusua's knowledge. Owusua wanted to present evidence at trial that three months after she sent the package to Ghana, Adzimah tried to kill her and was later charged with attempted murder in state court. After the government rested its case at trial, and outside the presence of the jury, Owusua requested a ruling on the admissibility of this evidence. After the district court expressed concern that presenting evidence of Adzimah's criminal charges had the potential to mislead the jury, but before it ruled on the admissibility of the evidence, Owusua's counsel told the court: "We will limit the testimony. We will just say they had a big fight and he was arrested, period." When Owusua testified at trial she began to discuss Adzimah's attempted murder. The court sustained the government's objection on relevance grounds and Owusua's counsel then had no further questions.

The jury found Owusua guilty of two counts of transferring a stolen identification document and two counts of aggravated identity theft. At sentencing the court heard argument from the parties regarding the 18 U.S.C. § 3553 factors. In imposing a 36-month sentence the court stated that it had considered the parties'

3

statements, the facts of the case, the presentence investigatory report, the advisory guidelines range, and the statutory factors.

## II.

Owusua's first claim on appeal is that the district court erred in excluding evidence of Adzimah's criminal charges. We typically review a district court's evidentiary rulings for abuse of discretion. See United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007). But when the exclusion of evidence would violate a defendant's constitutional rights, we review questions of constitutional law de novo. See United States v. Underwood, 446 F.3d 1340, 1345 (11th Cir. 2006). A party may not challenge as error a district court's ruling if that party induced or invited the district court to commit that error. See United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998) ("For example, a defendant can invite error by introducing otherwise inadmissible evidence at trial or by submitting an incorrect jury instruction to the district judge which is then given to the jury. Generally, an appellate court will not review an error invited by a defendant, on the rationale that the defendant should not benefit from introducing error at trial with the intention of creating grounds for reversal on appeal.").

Owusua's claim that her due process rights were violated by the exclusion of the evidence of Adzimah's criminal charges fails because Owusua invited the error. Before the district court ruled on the admissibility of the evidence,

4

Owusua's counsel said that Owusua would limit her testimony and "just say they had a big fight and he was arrested, period." When Owusua began to speak about the assault and the court sustained the government's objection, Owusua's counsel rested without attempting to elicit any further testimony regarding the defense. Owusua cannot now claim that the district court erred in excluding the evidence that she told the district court she would not introduce.

III.

Owusua's second claim is that the government failed to present sufficient evidence for a jury to conclude beyond a reasonable doubt that Owusua knew the stolen passports were in the package she tried to ship. We review de novo a district court's denial of a motion for judgment of acquittal. United States v. Descent, 292 F.3d 703, 706 (11th Cir. 2002). We apply the same standard used in reviewing the sufficiency of the evidence, meaning that all facts and inferences are construed in the light most favorable to the government. Id. To affirm the denial of a motion for judgment of acquittal, we need only determine that a reasonable fact finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt. Id.

We consider all the evidence presented at trial when reviewing the denial of a motion for judgment of acquittal made at the close of the defendant's case. United States v. Thomas, 987 F.2d 697, 705 (11th Cir. 1993). When a defendant

takes the stand and testifies in her own defense, the jury may disbelieve the testimony, and the defendant's own statements "may be considered as substantive evidence of the defendant's guilt." United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995). This rule applies with "special force" when the government must prove a defendant's intent or knowledge. Id. at 315.

Here, viewing the facts and inferences in the light most favorable to the government, there was enough evidence for a reasonable jury to determine that Owusua knew the stolen passports were in the package that she attempted to ship to Ghana. There was evidence that Owusua was familiar with the Dottado home and that the person who stole the passports likely possessed this familiarity because he or she knew how to turn on the basement lights. And by taking the stand and testifying that she did not know the passports were in the package, Owusua also allowed the jury to evaluate her testimony and use it as substantive evidence that she did in fact know the passports were there. The district court did not err in denying Owusua's motion for judgment of acquittal.

## IV.

Owusua's final claim is that the district court's imposition of a 36-month sentence was substantively unreasonable. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The party challenging the sentence

6

bears the burden of showing that the sentence is unreasonable in light of the record and the factors enumerated in 18 U.S.C. § 3553(a). United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

We will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. See id. at 1193–94. While we do not presume that a sentence falling within the guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Here the district court did not abuse its discretion in imposing a 36-month sentence. The guidelines range was 12 to 18 months with 18 U.S.C. § 1028A(a)(1) requiring a 24-month consecutive sentence for the aggravated identity theft charges — effectively making the range 36 to 42 months. Owusua argues that the district court should have varied downward because she had no criminal record and

7

possessed a history of helping others, but she has not met her burden of showing that the sentence was unreasonable in light of the statutory factors. The district court considered the statutory factors and imposed a sentence at the bottom of the guidelines range. The district court's imposition of a 36-month sentence is **AFFIRMED**.